UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:  
BCW Express Delivery Inc.  
(37-1617964)  
5290 River Rd.  
East China, MI 48054  

Case No: 17-52368-mbm

Chapter 11

Hon. Marci B. McIvor

Debtors

## MOTION TO APPROVE SALE OF FEDEX ROUTE FREE AND CLEAR OF CLAIMS AND INTERESTS PURSUANT TO 11 USC 363(b) & (f) AND WAIVER OF PROVISIONS OF BANKRUPTCY RULE 6004(h)

NOW COMES Debtor, by and through Counsel, and for its Motion to Approve Sale of FedEx Route Free and Clear of Claims and Interests Pursuant to 11 U.S.C. § 363(b) & (f) and Waiver of Bankruptcy Rule 6004(h) states as follows:

1. Debtor filed for Chapter 11 Bankruptcy relief on August 31, 2017.
2. Debtor has the powers to use and sell property of the estate pursuant to 11 U.S.C.§§ 363(b), 363(f), 1106, 1107, and 1108.
3. Debtor is the owner of a Federal Express Ground route identified as PSA # 127125 (the "PSA Route").
4. Prior to the filing of the case, the Debtor had obtained approval to transfer the PSA Route to PC Expediting Inc. See Exhibit A, Notice of Proposed Assignment or Transfer.
5. The proposed price for the sale of the PSA Route is to be $55,000.00 – an amount that was agreed upon prior to the filing of the case, although the transfer had not been completed yet.
6. The sale of the property will allow the Debtors to cut costs and obtain an influx of cash as a buffer to run operations, pay expenses, and meet obligations under a proposed Chapter 11 plan. This sale will effectuate what had, in substance, been intended prior to the filing of this case.
7. The proposed sale of the PSA Route is made in good faith, the Debtor's best business judgment, for a fair price, and will benefit the Debtors, the estate, creditors, and other parties in interest. The price that the property is being sold for is above the typical price

charged for a PSA Route – an internet search revealed that such routes can be sold for $40-50,000.00.

8. The transaction was proceeding and the parties were preparing to close on the transaction prior to the filing of the case. However, pressure from creditors, and threatened garnishments diverted the time and resources of the Debtor and Debtor was forced to file for bankruptcy protection. Because of the need to replenish cash to fund operations, and because PC Expediting has been waiting to complete a transfer of the PSA Route, and has invested valuable time and effort in coming up with the funds for the sale of the PSA Route, there is cause to waive the provisions of Bankruptcy Rule 6004(h). Furthermore, it is doubted that there will be any objections to the sale of the property since no creditor has an interest in the route, and the sale would tend to benefit all parties in this bankruptcy case.

WHEREFORE, for the reasons stated above, Debtor requests that this honorable Court approve the sale of the PSA Route in conformity with the proposed Order attached hereto and that the Court waive the provisions of Bankruptcy Rule 6004(h) and grant any other relief deemed just, equitable, and appropriate.

Respectfully Submitted,

*/s/ Brian A. Rookard*
Brian A. Rookard (P-69836)
Gudeman & Associates, P.C..
Attorney for Debtors
1026 W. Eleven Mile Rd.
Royal Oak, MI 48067
Phone: (248) 546-2800
Email: brookard@gudemanlaw.com

Dated: October 25, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| In re:<br>BCW Express Delivery Inc.<br>(37-1617964)<br>5290 River Rd.<br>East China, MI 48054<br><br>                          Debtors | Case No: 17-52368-mbm<br><br>Chapter 11<br><br>Hon. Marci B. McIvor |

**NOTICE OF DEBTOR'S MOTION TO APPROVE SALE OF FEDEX ROUTE FREE AND CLEAR OF CLAIMS AND INTERESTS PURSUANT TO 11 USC 363(b) & (f) AND WAIVER OF PROVISIONS OF BANKRUPTCY RULE 6004(h)**

      As described in the attached Motion, Debtor has filed papers with the Court for the purposes of selling on of its Federal Express routes to PC Expediting Inc. for $55,000.00. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to enter an order granting Debtor the requested relief, or if you want the Court to consider your view on the Proposed Sale, then within (21) twenty-one days from the date of service of this Notice and Motion, you or your attorney must:

      1.      File with the Court a written objection, explaining your position, at:[1] United States Bankruptcy Court; 211 West Fort Street, Suite 2100; Detroit, MI 48226

      If you mail your objection to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

      You must also mail a copy to:

Gudeman & Associates, P.C.
1026 W. Eleven Mile Rd.
Royal Oak, MI 48067

      2.      If an objection is timely filed and served, the clerk will schedule a hearing on the Proposed Plan Modification and you will be served with notice of the date, time and location of that hearing. **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

                                           */s/ Brian A. Rookard*
                                           Brian A. Rookard (P-69836)
                                           Gudeman & Associates, P.C..
                                           Attorney for Debtors
                                           1026 W. Eleven Mile Rd.
                                           Royal Oak, MI 48067

---

[1] Response or answer must comply with F.R. Civ.P. 8(b), (c) and (e)

Dated: October 25, 2017

Phone: (248) 546-2800
Email: brookard@gudemanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| In re:<br>BCW Express Delivery Inc.<br>(37-1617964)<br>5290 River Rd.<br>East China, MI 48054<br>                                Debtors | Case No: 17-52368-mbm<br><br>Chapter 11<br><br>Hon. Marci B. McIvor |

**ORDER APPROVING DEBTOR'S MOTION TO APPROVE SALE OF FEDEX ROUTE FREE AND CLEAR OF CLAIMS AND INTERESTS PURSUANT TO 11 USC 363(b) & (f) AND WAIVER OF PROVISIONS OF BANKRUPTCY RULE 6004(h)**

This matter having come before the Court on Debtor's Motion to Approve Sale of FedEx Route Free and Clear of Claims and Interest Pursuant to 11 U.S.C. 363 and Waiver of Rule 6004(h) (the "Sale Motion"), Notice having been served on all creditors and parties in interest, no objection having been filed, or in the alternative a hearing having been held and the Court being duly advised in the premises:

THE COURT FINDS THAT:

A. Debtor is the owner of a Federal Express route identified as PSA # 127125 (the "PSA Route" or the "Property").

B. Approval of the sale of the PSA Route is in the best interest of the Debtor, the bankruptcy estate, creditors, and other parties in interest.

C. The Debtor has advanced good and sufficient business judgment for the sale of the Property and the waiver of Bankruptcy Rule 6004(h).

WHEREFORE, for the foregoing reasons, and as more fully stated in Debtor's Motion

IT IS ORDERED AND DECREED AS FOLLOWS:

1. The Sale Motion is granted and approved in all respects.

2. All objections to the Sale Motion have either been withdrawn or are overruled.

3. Debtor is authorized to enter into a purchase agreement with PC Expediting Inc. for the sale of the Property in accordance with those terms stated in the Sale Motion.

4. As evidenced by the declarations of service filed with this Court, proper, timely, adequate and sufficient notice of the Sale Motion has been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Rules 2002, 6004, 9007 and 9014 of the

Bankruptcy Rules, and no other or further notice of the Sale Motion is required.

5. At the closing of the sale of the Property Purchaser shall acquire the Property. Upon the payment of the purchase price and subject to the conditions set forth in the purchase agreement, the Property shall be transferred, and title passed, to Purchaser, with all such Liens (other than any which may be excepted) attaching to the proceeds of the Sale in the order of their priority, with the same validity (or invalidity), force and effect (or absence thereof) which they now have (or do not have), subject to any claims and defenses the sellers or any of them may possess with respect thereto. Such determination shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the property conveyed to the Purchaser pursuant to this Sale Order.

6. Except as otherwise expressly provided for in this Sale Order, Purchaser shall not have any liability or responsibility for any liability of the Trustee, the Debtors or the non-Debtor co-owners of the Property arising under or related to the Property or otherwise.

7. If any person or entity that has filed one or more financing statements, mortgages, or other documents or agreements evidencing liens against the Property (other than those that may be excepted) shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens which the person or entity has with respect to the Property or otherwise, then (a) the Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all liens against the Property of any kind or nature whatsoever. This Sale Order is and shall be effective as a determination that all liens, except any that are excepted, shall be, and are, without further action by any person or entity, released with respect to

the Property as of the Closing, except that such liens shall attach to the sale proceeds in the order of their priority, with the same validity, force and effect as they had in the Property, subject to any rights, claims and defenses of the Debtor or any non-Debtor co-owner of the Property with respect thereto.

8. The Debtor or any trustee assigned in this case is hereby authorized to (a) execute and file such statements, instruments, releases and other documents on behalf of any non-Debtor co-owners (if any) of the Property to effectuate the transfer of any and all interests of the non-Debtor co-owners in the Property to Purchaser; and (b) file, register, or otherwise record certified copies of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release and transfer of all interests held by any non-Debtor co-owners in the Property of any kind or nature whatsoever to PC Expediting Inc.

9. The Debtor, any bankruptcy trustee, and each other person having duties or responsibilities under this Sale Order, and their respective agents, representatives, and attorneys, are authorized and empowered to carry out all of the provisions of the this Sale Order, and to issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, bills of sale, or assignments, and to perform such other acts as are consistent with, and necessary or appropriate to, implement, effectuate and consummate this Sale Order and the transactions contemplated thereby, all without further application to, or order of, the Court.

10. The transaction contemplated by this Sale Order is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the assumption of the land contract and the Sale of the Property, except to the extent such authorization is duly stayed pending such appeal prior to such consummation.

11. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order that may be entered converting the Debtor's bankruptcy case to another chapter under the Bankruptcy Code.

12. The terms and provisions of the Sale Order, shall be binding in all respects upon, and shall inure to the benefit of the Debtor's estates, any trustee appointed in any of the

Debtor's cases under chapter 11 or any other Chapter of the Bankruptcy Code, Debtor's creditors, the Purchaser and his successors and assigns, and any affected third parties, including but not limited to, any and all persons asserting a claim against or interest in the Estate (including, but not limited to, the non-Debtor co-owners of the Property) or the Property.

13. The purchase agreement contemplated by this Sale Order may be modified, amended, or supplemented by the parties thereto, in a writing signed by the parties in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is immaterial.

14. Upon the consummation of the Sale of the Property this Sale Order will be construed and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of such Property or a bill of sale transferring good and marketable title in such Property to the Purchaser. Each and every federal, state, and local governmental agency or department shall be, and hereby is, directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the sale.

15. The failure specifically to include any particular provision of this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the sale of the Property be authorized and approved in its entirety. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent. In the event there are any inconsistencies between this Sale Order and the Sale Motion, the terms of this Sale Order shall control.

16. This Court retains jurisdiction to:
    a. Interpret, implement and enforce the terms and provisions of this Sale Order, all amendments thereto and any waivers and consents thereunder;
    b. Resolve any disputes arising under or related to the Sale of the Property; and
    c. Adjudicate all issues concerning alleged liens against, alleged property interests in, the Property, or the proceeds of the Sale of the Property, including the extent, validity, enforceability, priority and nature of all such alleged liens relating to the proceeds of the Sale.

17. Notwithstanding the 14-day stay imposed by Bankruptcy Rules 6004(h), this Sale Order

shall be effective immediately upon its entry and no stay of this Sale Order shall be in effect.

18. The net proceeds from the sale of the Property shall be disbursed to the Debtor.

# EXHIBIT A